# EXHIBIT B

Paul Mankin, Esq. (SBN 264038)
The Law Office of L. Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (800) 219-3577
Fax: (323) 207-3885
pmankin@paulmankin.com

Attorney for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 13 2014

Sherri R. Carter, Executive Officer/Clerk
By Anabella Figueroa, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES
### LIMITED JURISDICTION

| | |
|---|---|
| ANGEL A. MELGOZA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. **14K15048** <br><br> COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *et seq.* <br><br> (Amount not to exceed $10,000) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, U.S.C. § 1681, *et seq.* (hereinafter "FCRA").

## II. PARTIES

2. Plaintiff, Angel A. Melgoza ("Plaintiff"), is a natural person residing in Los Angeles County in the State of California and is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

Complaint - 1

3. At all relevant times herein, Defendant, Experian Information Solutions, Inc. ("Defendant"), was a company engaged in the practice of assembling and evaluating consumer credit information for the purpose of furnishing to third parties reports of consumers' credit histories, commonly referred to as "credit reports", and defined as "consumer reports" under 15 U.S.C. § 1681a and Cal. Civ. Code § 1785.3(c) (hereinafter, "Credit Reports"). Defendant uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of FCRA, 15 U.S.C. § 1681a(f). Likewise, Defendant is a "consumer reporting agency" within the meaning of CCRAA, Cal. Civ. Code § 1785.3(d).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6. In December 2013, Plaintiff obtained his credit report from Experian because he believed there were several inaccuracies that were negatively impacting his credit score.

7. Upon review of his consumer credit report provided by Defendant, Plaintiff found that a balance for Nycb Mortgage Company, LLC was reporting a balance following Plaintiff's Chapter 7 discharge.

8. On July 2013, Plaintiff filed a no asset Chapter 7 bankruptcy case in the Central District of California.

9. Plaintiff listed creditor Nycb Mortgage Company, LLC as a creditor in his bankruptcy schedules.

10. Plaintiff did not sign and file a reaffirmation agreement with Nycb Mortgage Company, LLC.

11. On November 4, 2013, Plaintiff received a discharge in his no asset Chapter 7 bankruptcy case.

12. On January 17, 2014, Defendant received a dispute letter sent via certified mail from Plaintiff providing information about Plaintiff's Chapter 7 discharge including the discharge order and creditor list.

13. Over thirty (30) days thereafter, Plaintiff requested his credit report from Defendant.

14. Plaintiff received a credit report from Defendant dated March 14, 20214. In this credit report there is a tradeline for Nycb Mortgage Company, LLC. Under the tradeline it states that Plaintiff owes an outstanding balance of $79,613. The tradeline also does not include the statement that this account was included in a Chapter 7 bankruptcy or any variation of such statement.

15. In addition to Plaintiff's dispute letter, through a computerized court reporting service known as PACER, Defendant obtains access to each and every discharge order issued by a U.S. Bankruptcy Court in Chapter 7 proceedings. Defendant had access to Plaintiff's discharge order along with a list of each debt and creditor that was discharged.

Complaint - 3

## COUNT I: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681(e)(b) and CAL. CIV. CODE. § 1785.14(b)

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this November 11, 2014

By: _/s/ Paul Mankin_
Paul Mankin, Esq.
Law Office of L. Paul Mankin
Attorney for Plaintiff